IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN C. RODRIGUEZ,**<br><br>                              Plaintiff,<br><br>  v.<br><br>**T. VALENCIA,**<br><br>                              Defendant. | Case No. 3:22-cv-01437-DMS-KSC<br><br>**ORDER (1) VACATING ORAL ARGUMENT, (2) GRANTING DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS; AND (3) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** |

This matter is presently before the Court on Defendant's motion to revoke Plaintiff's *in forma pauperis* ("IFP") status ("Motion"). (ECF No. 17.) Plaintiff did not file an opposition. This Motion is currently scheduled for hearing on June 2, 2023. The Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1). Accordingly, the June 2, 2023 hearing is vacated.

Plaintiff is no longer incarcerated and cannot proceed IFP under 28 U.S.C. 1915(b)(1). *See Arrant v. Cortes*, No. 22-cv-375, 2022 WL 3567007, at *2 (S.D. Cal. Aug. 18, 2022) (stating a plaintiff's interim release from custody renders 28 U.S.C. § 1915(b)'s fee collection provision unenforceable). This Court initially granted Plaintiff IFP status pursuant to 28 U.S.C. § 1915(b). (*See* ECF No. 9 at 2-

4.) The authority under which this Court granted Plaintiff's initial IFP status is now unenforceable. As such, Plaintiffs' IFP status is necessarily in question.

Accordingly, this Court revokes Plaintiff's IFP status and orders him to either (a) prepay the full $402 civil filing and administrative fee required by 28 U.S.C. § 1914(a); or (b) file a new application to proceed IFP that includes an affidavit documenting Plaintiff's current post-release income, assets, and expenses within thirty days. See 28 U.S.C. § 1915(a). Based on the foregoing, this Court **GRANTS** the Motion.

Furthermore, the Local Rules provide a party proceeding *pro se* "must keep the Court and opposing parties advised as to current address." Civ. L. R. 83.11(b). "If mail directed to a pro se plaintiff by the Clerk at the plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of the plaintiff's current address, the Court may dismiss the action without prejudice for failure to prosecute. *Id.* Here, mail directed to Plaintiff was returned as undeliverable by the Post Office on March 31, 2023. It has been over sixty (60) days since mail directed to Plaintiff was returned as undeliverable by the Post Office. Plaintiff has not provided the Court or Defendant with an updated address. Therefore, the Complaint in this action is dismissed without prejudice for failure to prosecute.

Dated: May 31, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court